[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14543
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00332-ELR-LTW-1

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

RACHEL HAILEY,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 11, 2018)

Before JORDAN, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Rachel Hailey appeals her 15-month sentence, imposed at the bottom end of her advisory guideline range, after pleading guilty to one count of embezzlement of mail by a United States Postal Service employee, in violation of 18 U.S.C. § 1709. On appeal, she argues that her sentence is both procedurally and substantively unreasonable. After review of the record and the parties' briefs, we affirm Ms. Hailey's sentence.

## I

In February of 2013, Ms. Hailey, an employee for the United States Postal Service, was approached by the United States Postal Inspection Service—a law enforcement agency charged with enforcing the laws that defend the nation's mail system—to request assistance with an ongoing investigation. One home on her mail route was the focus of an investigation into drug trafficking. She agreed to assist in the investigation by informing inspectors whenever a package was to be delivered to the home, photographing the package, and providing information on the home's occupants and the vehicles associated with the address.

In March of 2013, a package containing 26.9 pounds of marijuana came in to the post office to be delivered to the target residence. Instead of notifying the inspectors, Ms. Hailey scanned the package as "delivered" and took it with her. When questioned by the inspectors, she denied the allegations, but admitted taking the package later that same day.

Ms. Hailey was indicted in September of 2015. She recanted her admissions during an interview and entered a plea of not guilty. Two years later, Ms. Hailey pled guilty and proceeded to sentencing.

To calculate the advisory guideline range, the district court began by calculating Ms. Hailey's base offense level at six under U.S.S.G. § 2B1.1. Ms. Hailey received a four-level increase for loss amount exceeding $15,000 but less than $40,000 under § 2B1.1(b)(1)(C). The district court then applied a cross reference under § 2B1.1(c)(1)(A), which brought Ms. Hailey's base offense level to 14 because the amount of marijuana was more than ten kilograms but less than twenty. She also received a two-level increase for violating a position of trust and was granted a three-level reduction for acceptance of responsibility. With a total offense level of 13 and a criminal history category of II, her advisory guideline range was 15 to 21 months' imprisonment. The district court imposed a sentence of 15 months' imprisonment.

## II

We review a sentence "under an abuse-of-discretion standard." *United States v. Foster*, 878 F.3d 1297, 1308 (11th Cir. 2018) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear

error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

This necessarily involves a two-step process. First, we review the district court's sentence for any "significant procedural error." *Foster*, 878 F.3d at 1308. "If the 'sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed.'" *Id.* (quoting *Gall*, 552 U.S. at 51). *See also United States v. Mathews*, 874 F.3d 698, 704 (11th Cir. 2017) (following this two-step process).

## III

As the Supreme Court directs us in *Gall*, we

must first ensure that the district court committed no significant procedural error, such as failing to calculate . . . the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]

552 U.S. at 51. Here, we conclude that the district court properly calculated the guidelines range, treated the guidelines as advisory, considered all the § 3553(a) factors, and imposed a sentence on the bottom end of the advisory guideline range that was supported by the statutory factors.

At the sentencing hearing, Ms. Hailey offered background context into her personal life as mitigating evidence, specifically citing her lack of criminal history

4

for most of her life. She argues now that the court inappropriately used that information offered in mitigation as aggravating evidence.

It is squarely within the district court's discretion how to receive mitigation arguments. *See Gall*, 552 U.S. at 51 ("The sentencing judge is in a superior position to find facts and judge their import" because "[t]he judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts, and gains insights not conveyed by the record.") *Cf. Moore v. Balkcom*, 716 F.2d 1511, 1521–22 (11th Cir. 1983) ("The sentencing authority can assign what it deems the appropriate weight to particular mitigating circumstances."). The district court may decide for itself what evidence is mitigating and what weight to assign it. *See, e.g., United States v. Rosales-Bruno*, 789 F.3d 1249, 1259 (affirming sentence, while noting that the district "court exercised its authority to assign heavier weight to several other sentencing factors"); *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008) (affirming sentence, explaining that "it [was] within the district court's discretion to decide how much weight to give each [ ] factor"). We conclude that the district court did not err in its consideration of the mitigation arguments offered by Ms. Hailey's counsel.

Ms. Hailey also argues that the district court improperly considered her recantation and perceived "habit of blaming others" as part of its sentencing considerations. She relies upon *United States v. Wade*, 458 F.3d 1273, 1280 (11th

5

Cir. 2006), and *United States v. Singh*, 877 F.3d 107, 119 (2d Cir. 2017), to support her contentions that the district court procedurally erred in this respect. But this case is unlike *Wade*. There, "[t]he district court based its denial of the reduction for acceptance of responsibility *solely* on Wade's pre-indictment criminal activity." *Wade*, 458 F.3d at 1280 (emphasis added). Here, not only did the district court consider a variety of factors in its decision whether to grant a variance, but the court also ultimately granted the reduction for acceptance of responsibility. *Singh* is also unhelpful to Ms. Hailey because there the district court, although granting a reduction for acceptance of responsibility, relied upon mitigation evidence and a perceived lack of remorse to justify an upward variance "nearly three times the top of the Guidelines range." 877 F.3d at 110. Here, the district court did not vary upward and, although questioning whether Ms. Hailey had a habit of blaming others, stated that she was not "ready to say that this is the case." D.E. 70 at 24.

In sum, we are unpersuaded that the district court committed procedural error when sentencing Ms. Hailey.

## IV

We now review the substantive reasonableness of the sentence. Under an abuse-of-discretion standard, we will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies

outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). "We acknowledge the institutional superiority that district courts possess with regards to sentencing, and are mindful that appellate review for reasonableness is not a license to substitute our views for those of the district court." *United States v. Hayes*, 762 F.3d 1300, 1307 (11th Cir. 2014).

Ms. Hailey's 15-month sentence was on the bottom end of the advisory guidelines range. We "ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Nevertheless, Ms. Hailey argues that her sentence is substantively unreasonable because the district court did not properly balance all of the § 3553(a) factors, resulting in an overly harsh sentence. Specifically, she contends that the district court failed to adequately consider her lack of criminal history and her role as the sole provider of economic and moral support within her family. On the contrary, the record indicates that the court specifically considered these factors— including the fact that Ms. Hailey committed the instant offense while on probation for a DUI conviction—when hearing her counsel's mitigation arguments and expressed concern over the trajectory of her conduct. As we have already mentioned, "[t]he decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court."

7

*Rosales-Bruno*, 789 F.3d at 1254.  The district court's refusal to vary downward on these grounds is not a clear error in judgment.  *See, e.g.*, *United States v. Martinez-Gonzalez*, 663 F.3d 1305, 1311–12 (11th Cir. 2011) (affirming the substantive reasonableness of the sentence imposed despite mitigation arguments that the defendant's family would "face financial hardship").

It is Ms. Hailey's "burden [to] show[ ] that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."  *Rosales-Bruno*, 789 F.3d at 1256 (citing *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009)).  She has not met that burden.

## V

In sum, we determine that Ms. Hailey's sentence is both procedurally and substantively reasonable and, accordingly, affirm.

**AFFIRMED.**